**Alfredo CASTILLO, Petitioner,**

v.

**David R. HARRIS, Superintendent, Green Haven Correctional Facility, Respondent.**

**No. 79 Civ. 5236 (MEL).**

United States District Court, S. D. New York.

April 30, 1980.

Alfredo Castillo, pro se.

Eugene Gold, Dist. Atty., Kings County, Brooklyn, N. Y., for respondent; Reina Barcan, Asst. Dist. Atty., Brooklyn, of counsel.

LASKER, District Judge.

Alfredo Castillo was convicted by a jury of violating N.Y. Penal Law § 220.43 by

selling three and five-eighths ounces of cocaine to an undercover police officer for $3,500. He received the least severe sentence allowed under the Penal Law, a mandatory indeterminate sentence of life imprisonment, with a minimum term of fifteen years. N.Y. Penal Law § 70.00. He petitions, on several grounds, for a writ of habeas corpus.

1. Castillo's first claim is that the evidence at trial was insufficient to support the jury's finding that it was he who sold the cocaine to the undercover officer. Castillo admitted at trial that he was in the bar where the sale took place at the time, but contends that he is a victim of misidentification. The jury had before it, on the one hand, the unequivocal testimony of the undercover officer that he purchased the cocaine from Castillo, the testimony of the second officer that for five to fifteen minutes he observed the undercover officer talking with Castillo in the bar the night the sale took place, and a tape recording of the transaction (though since the transaction was conducted in Spanish the tape was probably of less value to the jury on the question of identity than it might have been had the sale been conducted in English). The principal witness against Castillo, the undercover officer who made the purchase, testified that in negotiating and transacting the sale he met and talked with Castillo face to face for several hours. On the other hand, the jury had before it Castillo's testimony denying that he made the sale. It cannot be said, here, that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979). Certainly it was not irrational for the jury to believe the police officers who testified and to disbelieve Castillo; its resolution of the conflicting testimony cannot be disturbed.

2. Castillo next asserts that he was denied a fair trial because of the prosecutor's improper remarks during summation. Castillo focuses on portions of the summation in which, it is suggested, the Assistant District Attorney disparaged defense counsel, miscast defense counsel's arguments and stated that defense counsel had employed "techniques" designed to "befog and befuddle" the jury. Moreover, Castillo claims that the prosecutor stressed his own professionalism, and that of the police officers who testified for the prosecution.

We agree with the Appellate Division that "some of the statements of the prosecutor during his summation are fairly subject to criticism." *People v. Castillo*, 61 App.Div.2d 1034, 1035, 403 N.Y.S.2d 107, 108 (2d Dept. 1978) (mem.), leave to appeal denied May 10, 1978 (Jasen, J.). However, those statements, though not excused by the nature of defense counsel's summation, were provoked by it, and the prejudicial effect of the prosecutor's remarks was offset and negated by defense counsel's own commentary. Moreover, after reviewing the entire record we conclude that, taken as a whole, the prosecutor's remarks were not as prejudicial as they appear in isolation, and, in any event, did not deprive Castillo of a fair trial.

3. Castillo's most compelling argument is that his sentence constitutes "cruel and unusual" punishment contravening the eighth amendment. Although it is difficult to perceive what justice there can be in sentencing a 37 year old man who has never been arrested before, has an established business, a wife, and three growing children, to life imprisonment with no possibility of parole for at least fifteen years, on the basis of a single sale of a small amount of cocaine, New York's legislators have prescribed such a sentence, and deprived the sentencing judge of all sentencing discretion.[1] Be that as it may, the constitutional propriety of similar, though less severe and (in view of the defendants' histories and established criminal proclivities) more proportionate, sentences has been established

---

1. The sentencing judge does have limited discretion to select the minimum sentence from within prescribed limits—here between fifteen and twenty-five years. N.Y. Penal Law § 70.00 subd. 3(a)(i).

by the Second Circuit, *Carmona v. Ward*, 576 F.2d 405 (2d Cir. 1978), *cert. denied*, 439 U.S. 1091, 99 S.Ct. 874, 59 L.Ed.2d 58 (1979), and the United States Supreme Court has recently held that imposition of a mandatory life sentence pursuant to Texas' recidivist statute was not constitutionally infirm, even though the defendant's most serious crime had been to obtain $120.75 by false pretenses, *Rummel v. Estelle*, —— U.S. ——, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Although it is possible that the Court of Appeals might conclude that the circumstances here distinguish the case at hand constitutionally from *Carmona*, we do not see how *Carmona* can be read so as to justify a district court in ruling that, in the circumstances of this case, the sentence imposed was "cruel and unusual."

4. Castillo presents six further arguments in support of his petition. The state argues that with respect to these, he has not exhausted his state remedies, since he first raised them in a *coram nobis* application which was denied on the grounds that his failure to raise them at trial or on appeal precluded him from raising them at a later time. *See* N.Y.Crim.Proc. Law § 440.10 subd. 2(c), subd. 3(a). It is clear, however, that in any event none of these arguments has merit.

■ Castillo's claim that he was denied his sixth amendment right to a public trial because the courtroom was sealed during the testimony of the undercover police officer who was the chief witness against him, and who was still actively engaged in undercover activities at the time of trial, is untenable in light of *United States ex rel. Lloyd v. Vincent*, 520 F.2d 1272 (2d Cir.), *cert. denied*, 423 U.S. 937, 96 S.Ct. 296, 46 L.Ed.2d 269 (1975).

■ That the tape recording introduced at Castillo's trial was not judicially sealed after it was secured does not raise issues of constitutional dimension. Since the recording was made with the consent of one of the parties to the conversations, there was no requirement, under federal or state law, that it be sealed, and the undercover officer who participated in the recorded conversa-

tions testified as to the accuracy of the recording. *See, e.g.* 18 U.S.C. § 2511(2)(d).

■ Similarly, Castillo's contention that "he could not understand what was on the tape because his interpreter could not translate it [to] him" is of no merit. The interpreter's function was to translate English testimony into Spanish for Castillo's benefit; since the taped conversations were conducted exclusively in Spanish, there was no need for the interpreter to translate them.

■ The fact that the police engaged in a ruse to ascertain Castillo's identity by entering the bar shortly after the sale took place and asking several people there, including Castillo, to prove their identity, on the pretext that a robbery had just occurred nearby, does not implicate Castillo's constitutional rights; nor does the fact that the police delayed his arrest for three months while their investigation continued.

Finally, Castillo's claim that he was prejudiced because the trial judge failed to charge on identification is simply mistaken because the judge did in fact charge on that subject (see trial transcript at 520–22).

In sum, we conclude that for the reasons stated none of Castillo's contentions warrants the grant of a writ of habeas corpus. Accordingly, the petition is denied; a certificate of probable cause with respect to the first three grounds for relief discussed in this opinion is granted; with respect to the remaining grounds for relief, discussed in section 4 of the opinion, a certificate of probable cause is denied, since as indicated in the opinion these grounds present no question deserving appellate review. Leave to appeal in forma pauperis is granted.

It is so ordered.