OPINION OF THE COURT
Chief Judge Wachtler.
The defendant, while lawfully in custody at a police station on a murder charge, was placed in a lineup relating to another *350 murder, not because he was suspected of the crime but to fill up the lineup around another suspect. At the lineup the defendant was identified as the person who committed this second murder and was subsequently convicted of the crime. He now appeals from an order of the Appellate Division affirming his conviction. His primary contention is that placing him in the lineup “as a filler” after his arrest on an unrelated charge, without his consent, violated his right to be free from unreasonable searches and seizures.
On January 4, 1976 three men committed an armed robbery at a Brooklyn bar. During the holdup one of the men shot and killed Charles Hill, a co-owner of the bar. On January 24 the police arrested Lindsay Webb in connection with the crime. At the station house the police decided to hold a lineup consisting of Webb and five police officers. However only three officers fitting Webb’s description were available. At that point the police decided to use the defendant, John Whitaker, already in custody on an unrelated charge, as one of the “fillers” or “stand ins”. The police did not seek the defendant’s consent to participate in the lineup.
Two of the witnesses to the shooting separately viewed the lineup and identified the defendant, instead of Webb, as the mem who shot Hill. Several days later the defendant waived his rights and admitted killing Hill.
Prior to trial the defendant moved to suppress his statements and the eyewitness identifications. With respect to the identifications the defendant urged that the lineup was suggestive, that he had been denied his right to counsel and that he should not have been placed in the lineup without his consent. The trial court denied the motions and the defendant was convicted after a jury trial.
On defendant’s first appeal the Appellate Division set aside the conviction and ordered a new trial. The court held that his statements had been obtained in violation of his right to counsel under the State Constitution and should not have been admitted at trial. The court found, however, that the identification of the defendant at the lineup should not be suppressed because he was compelled to participate in it. Distinguishing one of its earlier cases (People v Vega, 51 AD2d 33) the court noted that the defendant was not a suspect at the time but “was being used merely to ‘flesh out’ the proceeding”, that he was placed in the lineup to make the procedure as fair as possible and that the lineup itself was not suggestive. The court also observed that the *351 witnesses’ identification of the defendant in court had a sufficient independent origin (75 AD 2d 111, 125).
At the second trial the defendant was again convicted based on the eyewitness identifications. The Appellate Division affirmed his conviction.
On this appeal the defendant argues that the evidence of the lineup should be suppressed for a number of reasons. However, the only issue which is within the scope of our review is his contention that using him as a filler in a lineup without his consent constituted an illegal seizure.*
A person does not lose all 4th Amendment rights once he has been lawfully incarcerated. There are limitations on what the police may reasonably seize from a person being held on criminal charges. They may not, for instance, pump his stomach (Rochin v California, 342 US 165) nor may they take a blood sample absent exigent circumstances (Schmerber v California, 384 US 757). On the other hand, no warrant is necessary to take fingerprints (Davis v Mississippi, 394 US 721, 727) or search a person lawfully in custody (United States v Robinson, 414 US 218).
It is also settled in other contexts that if the initial detention is lawful, no 4th Amendment violation occurs when a person is compelled to provide voice exemplars (United States v Dionisio, 410 US 1), handwriting samples (United States v Mara, 410 US 19) or participate in a lineup (cf. United States v Crews, 445 US 463). The individual can have no reasonable expectation of privacy in physical characteristics constantly exposed to the public (United States v Dionisio, supra, pp 11-15). In this case the defendant concedes that the initial detention was lawful but contends that the direction to appear in a lineup constituted an “additional intrusion” which cannot be justified by the initial detention since it does not relate to that crime.
Other jurisdictions considering the problem have generally found no violation of constitutional rights when a defendant held on one charge is placed in a lineup with respect to an *352 unrelated charge (People v Hodge, 186 Col 189; Rigney v Hendrick, 355 F2d 710; cf. United States v Sechrist, 640 F2d 81 [fingerprints]; but also see, United States v Perry, 504 F2d 180 [practice questioned by certain members of the court]). The lower courts in this State have generally reached the same conclusion (see, e.g., People v Smith, 86 AD2d 251; People v Pittman, 83 AD2d 870; People v Pickett, 71 AD2d 575, affd 52 NY2d 892; People v Vega, supra). In those cases however, the police typically had probable cause or reason to suspect the defendant of the unrelated offense, although the legality of the initial arrest was often considered sufficient in itself to authorize the practice.
The defendant contends that a person lawfully held on cne crime may not be placed in a lineup relating to another char ge unless this “additional intrusion” is justified by additional proof establishing probable cause or reasonable suspicion that the defendant committed the separate crime for which the lineup is being held. If accepted, this argument would prohibit the common police practice of using detainees as fillers in station house lineups. In our view, however, the minimal “additional intrusion” on the defendant’s lawful confinement which resulted from placing him in a lineup did not constitute an unreasonable seizure under the circumstances of this case.
The defendant cannot complain of his presence in the station house where the lineup took place. There is no contention that he had been arrested on a pretext to place him in a lineup with respect to unrelated offenses or that he was being unreasonably detained there for that purpose. It is undisputed that he was lawfully in custody at that place and time.
What he objects to apparently is the fact that he was required to stand at a particular spot in the station house during the lineup. Although he seems to recognize that a person in custody may be moved from one location to another for administrative convenience, he claims that this is not permitted when it is “unrelated to the prosecution and incarceration of a detainee”. In our view the per se rule the defendant proposes overlooks the fact that reasonableness is the standard by which the legality of custodial conduct is to be judged. In making this determination the courts must balance the degree of intrusion on individual rights against the legitimate needs of law enforcement (Camara v Municipal Ct., 387 US 523, 536-537).
The lineup is an essential part of the criminal justice system (United States v Wade, 388 US 218). The local station house close to the scene of the crime'may afford the best opportunity *353 for prompt and reliable identification while witnesses are available and memories fresh. However, as this case illustrates, it is sometimes difficult to find suitable “stand ins” among those at or near the station house if persons being detained there are excluded. The use of detainees could lead to abuses, but in this case there is no evidence of harassment and the police conduct appears reasonable. Moving a person already in custody a short distance to a lineup and briefly placing him in it involves at best a minimal, and in our view constitutionally inconsequential, additional restraint. It also provides a reasonable solution to a problem which too often in the past has led to the showup which is a less desirable and potentially less reliable means of identification.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
Order affirmed.

 The defendant also contends that this conduct violates his due process rights by subjecting him to an increased risk of misidentification. This point, however, was not properly preserved at the trial where the only due process arguments the defendant raised related to the alleged suggestibility of the lineup and the failure to afford him counsel at the lineup. The latter issue is not raised on this appeal. The lower court’s determination that the lineup was not suggestive involves a mixed question of law and fact which is supported by the record and thus is beyond review ip this, court (People v McPherson, 56 NY2d 696).