■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL MARSHALL, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Deeley, J.), rendered January 15, 1985, convicting him of robbery in the first degree and attempted robbery in the first degree under indictment No. 1820/84, upon a jury verdict and imposing sentence; and (2) a judgment of the same court, rendered January 31, 1985, convicting him of attempted robbery in the second degree, under indictment No. 6311/83, upon his plea of guilty, and imposing sentence. These appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

The defendant was accused of holding a gun on Brenda Hopgood while his companion stole her purse and, in a separate incident, of beating Early Goldsberry during an attempt to rob him. Immediately after the attack, the police drove Goldsberry around the neighborhood. He identified the defendant, who was standing on a street corner, as his assailant. The defendant fled but was apprehended. After his arrest, the defendant was placed in two lineups as a suspect in cases

unrelated to these incidents. Later that same evening, the defendant was used as a "filler" in separate lineups viewed by Brenda Hopgood and her sister Jennifer, who had witnessed the attack. Jennifer identified the defendant as the man who had held the gun. However, Brenda said she did not know if her assailant was the defendant or another person in the lineup.

At a *Wade* hearing, the defendant contended that the identifications should be suppressed because he was compelled to participate in the lineups without counsel even though the arresting officer knew he was represented by counsel on an unrelated case. According to the police, the defendant's participation was voluntary. The hearing court's denial of the suppression motion was proper. The police are permitted to use station house detainees as fillers *(see, People v Whitaker,* 64 NY2d 347, *cert denied* — US —, 106 S Ct 95). Since these were investigatory lineups, under the circumstances, the defendant was not entitled to counsel nor were the police required to notify his counsel on an unrelated case *(see, People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Marshall,* 91 AD2d 643).

On appeal, the defendant argues that Brenda Hopgood's identification testimony should have been suppressed because she was unable to positively identify the defendant. However, this argument was not raised at the suppression hearing, and defense counsel did not object to Brenda's identification testimony at trial; therefore the issue has not been preserved for appellate review.

We find the trial court's failure to charge the jury on the ambiguity of flight evidence to be harmless error under the circumstances of this case. Finally, the defendant's contention that the prosecutor's remarks on summation deprived him of a fair trial is without merit. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.