■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN M. BUCKMASTER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered October 28, 1986, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted for criminal sale and criminal possession of a controlled substance in the first degree, class A-I felonies. The charges arose out of a sale of nearly nine ounces of cocaine to an undercover police officer on July 23, 1986. The defendant was permitted to plead guilty to criminal sale of a controlled substance in the second degree, a class A-II felony. He was promised a term of incarceration of five years to life. The promised sentence was imposed.

The defendant raised two constitutional challenges to the sentence statute which mandates a maximum sentence of life incarceration for persons convicted of class A felony drug offenses. We find that the challenges to the statute are meritless. The mandatory maximum of life imprisonment for this crime does "not rise to the gross disproportionality violative of constitutional limitations" *(People v Broadie,* 37 NY2d 100, 111, *cert denied* 423 US 950; *People v Donovan,* 59 NY2d 834). Thus, the defendant's claim that the sentencing statute violates the Eighth Amendment prohibition against cruel and unusual punishment must fail.

Similarly, the defendant's claim that the mandatory maximum sentence constitutes an illegal deprivation of judicial discretion is contrary to established authority. It is well settled that, within the constraints of due process, the Legislature has broad power to prescribe minimum and maximum sentences *(see, People v Felix,* 58 NY2d 156, 164, *appeal dismissed* 464 US 802). The statute at issue in this case mandates a maximum sentence of life while permitting a minimum sentence of 3 to 8⅓ years (Penal Law § 70.00 [2] [a], [3] [a] [ii]). These limitations on judicial discretion in sentencing do not violate due process *(see, People v Jackson,* 106 AD2d 93, 96; *People v Butler,* 46 AD2d 422, 426-427).

Furthermore, the statute does not constitute cruel and unusual punishment as applied to the defendant; although the defendant had no prior criminal record, the amount of cocaine sold in this case was substantial. Moreover, the defendant was

actively involved in the transaction and was motivated by greed. The defendant has not shown that his sentence was disproportionate to the sentences imposed upon other similarly situated defendants. Under the circumstances, the sentence was not disproportionate to the crime *(see, Castillo v Harris,* 491 F Supp 33 [SD NY 1980], *affd* 646 F2d 559; *People v Murphy,* 53 AD2d 937).

Finally, the facts of this case do not warrant reduction of the sentence in the interest of justice. The defendant, who pleaded guilty with the understanding that he would receive the sentence which was actually imposed, has no basis to now complain that his sentence was excessive *(see, People v Ramos,* 109 AD2d 898, 899; *People v Kazepis,* 101 AD2d 816, 817). Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.