■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered January 27, 1989, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Boklan, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgment is affirmed.

The hearing testimony disclosed that, as part of an undercover police investigation concerning drug trafficking at a certain apartment building in Freeport, at about 3:35 P.M. on December 18, 1987, in the well-lit vestibule of the building, an undercover police officer purchased from the defendant $20 worth of what appeared to be cocaine. After the purchase, which took about two to three minutes, during which the undercover officer had an unobstructed view of the defendant, the officer left the building. As she drove to a pre-arranged location, the undercover officer radioed to members of her back-up team confirming the sale, and describing the defendant in detail. Within minutes the members of the police back-up team entered the building and in the public hallway they confronted the defendant, who fit the description given by the undercover officer. Under the pretext of investigating a robbery, the defendant was asked to identify himself, and he complied. In addition, either one or two photographs were taken of the defendant, without his consent, and which required a police officer to place his hand on the defendant's head for "two seconds". After taking the photographs, the defendant was not further detained at that time. Within 10 minutes of the sale, some of the members of the back-up team met with the undercover officer, who, upon being shown one of the photographs, identified the defendant as the seller. About three months later, apparently at the conclusion of the investigation, the defendant was arrested on a warrant.

Contrary to the defendant's contention, his request to suppress the undercover officer's in-court identification of him was properly denied. Specifically, the defendant's Fourth Amendment right to be free from unreasonable seizures was not violated by the taking of his photographs by the police, who had probable cause to arrest him (see, People v Hicks, 68 NY2d 234, 240; Castillo v Harris, 491 F Supp 33, 36, affd 646 F2d 559; see also, People v Whitaker, 64 NY2d 347, 351, cert denied 474 US 830; cf., People v Evans, 43 NY2d 160; People v

*Howard,* 90 Misc 2d 662; *People v Johnson,* 88 Misc 2d 749). Consequently, the undercover officer's subsequent viewing of the defendant's photograph, minutes after the sale, was not the "fruit" of any illegal police conduct *(cf., United States v Crews,* 445 US 463, 471). In any event, even if the police conduct herein were found to be improper, there would be no basis to disturb the hearing court's determination that under all the circumstances, an in-court identification of the defendant by the undercover officer derived from an independent source, to wit, her observations of him at the time of the sale *(see, People v Perez,* 74 NY2d 637, *affg* 139 AD2d 460; *People v Casanova,* 124 AD2d 813). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.