■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN DESSAURE, Appellant.—Appeal by the defendant from two judgments of the County Court, Nassau County (Wexner, J.), both rendered May 4, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under Indictment No. 71714, upon a jury verdict, and criminal possession of a controlled substance in the fifth degree under Indictment No. 71585, upon his plea of guilty, and imposing sentences. The appeals bring up for review (1) the denial, without a hearing, of those branches of the defendant's omnibus motion, made under Indictment No. 71714, which were to suppress physical evidence and statements made by him to the police, and (2) the denial, after a hearing, of that branch of the defendant's omnibus motion, made under Indictment No. 71585, which was to suppress physical evidence.

Ordered that the judgments are affirmed.

We find that the court did not err in summarily denying the defendant's suppression motion with respect to Indictment No. 71714. On March 9, 1989, an undercover police officer purchased drugs from the defendant and radioed a description of the defendant to a team of backup officers. The backup team then confronted the defendant on a public street, falsely told him that he fit the description of a robbery suspect, obtained his permission to take his photograph, and asked him his name and address. Immediately thereafter, the photograph was shown to the undercover officer. The defendant was arrested in June, 1989, at the conclusion of the investigation. The defendant sought suppression of the evidence regarding his name, address, and photograph on the ground that he had been unlawfully detained. We find that suppression was properly denied. The police had probable cause to arrest the defendant after the sale to the undercover officer *(see, People v Williams,* 170 AD2d 552). Moreover, the court properly denied the defendant's request for a *Wade* hearing as the undercover officer's viewing of the photograph within minutes of the drug sale was merely confirmatory *(see, People v Wharton,* 74 NY2d 921; *People v Morales,* 37 NY2d 262; *People v Williams, supra).*

Regarding Indictment No. 71585, the defendant contends that the hearing court improperly denied suppression of the 14 packets of crack cocaine which were found inside of a tennis ball that he had possessed moments before his arrest. The record reveals that two police officers in a patrol car received a radio communication describing an individual who was allegedly selling drugs at a particular location. The officers drove to the location and, from their position across the street, observed that the defendant matched the radio description and was holding a tennis ball. The officers then began to approach the defendant. After one of the officers made eye contact with the defendant, he placed the tennis ball on the ground behind a nearby public telephone stand and walked away from it. The defendant had walked approximately 20 feet away from the tennis ball when one of the officers exited the car, retrieved the ball, and discovered the drugs inside of it. We find that suppression was properly denied as the evidence elicited at the hearing established that the police officers had an objective, credible reason to approach the defendant *(see, People v Hollman,* 79 NY2d 181; *People v DeBour,* 40 NY2d 210) and that the defendant's conduct in discarding the tennis ball constituted an abandonment *(see, People v Boodle,* 47 NY2d 398, *cert denied* 444 US

969; *People v Hughes,* 174 AD2d 692; *People v Carrington,* 174 AD2d 572).

The sentences imposed by the court were neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). We also note that the sentence imposed under Indictment No. 71585 was part of the negotiated plea *(see, People v Strong,* 176 AD2d 277).

The defendant's remaining contentions are without merit. Sullivan, J. P., Balletta, O'Brien and Copertino, JJ., concur.