■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAYRUE WILSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered January 22, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges arose from independent drug sales by the defendant to an undercover agent on May 15, 1991, and May 17, 1991, in the Village of Nyack in Rockland County. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The prosecution clearly established that, on both occasions, the defendant sold the undercover agent cocaine. Furthermore, minor inconsistencies in the testimony of a

witness are acceptable and are not, in and of themselves, sufficient to show that a witness is not credible as a matter of law *(see, People v Mistretta,* 147 AD2d 661). Issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Further, in view of the nature and seriousness of the charged crimes, the defendant's criminal history, his status as a second felony offender, the fact that the maximum sentence for criminal sale of a controlled substance in the third degree would have been an indeterminate term of 12½ to 25 years imprisonment, and other relevant considerations, we find that the sentence imposed of 6 to 12 years imprisonment, to run concurrent on each count, and to run consecutive to an unexpired sentence, did not constitute cruel and unusual punishment *(see, People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950; *People v Buckmaster,* 139 AD2d 659). In addition, we find that the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are meritless. Bracken, J. P., Eiber, Ritter and Santucci, JJ., concur.