■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHOVIS BROWN, Appellant. [604 NYS2d 133] —Appeal by the

defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered October 19, 1990, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The charges arose out of an incident on January 9, 1990, at approximately 6:40 P.M., when the police received information from a confidential informant that the defendant had just returned from New York City with a quantity of crack cocaine and had entered 90 Winthrop Avenue in New Rochelle. The informant further advised the police that the defendant was cutting and packaging the cocaine for distribution on the street, that the cocaine was kept in a dark pouch, and that the defendant would shortly attempt to sell it. The detectives responded to the location, where they observed the defendant exiting an apartment. The defendant turned to re-enter the apartment, but then stepped into the hallway upon a detective's request. At that point, the defendant was observed tossing a pouch away from his person. A detective immediately retrieved the pouch, containing 1,189 milligrams of cocaine, and the defendant was taken into custody.

On appeal, the defendant contends that the court should have suppressed the narcotics recovered at the scene and his alleged statements to police while in custody. Generally, findings of fact made by the hearing court are entitled to great weight and should not be disturbed when they are supported by the record (see, People v Duncan, 75 AD2d 823, 824). We agree with the determination of the hearing court that suppression of the narcotics was not warranted since the defendant's furtive movement in the presence of the detectives, coupled with his attempt to abandon the pouch, gave the detectives probable cause to believe that the pouch contained vials of cocaine (see, People v Martinez, 80 NY2d 444). We also agree that the defendant was properly advised of his Miranda rights and that his statements to the police were voluntarily made (see, People v Harris, 193 AD2d 757; People v Casiano, 123 AD2d 712).

In addition, the defendant contends that the People failed to prove their case beyond a reasonable doubt. This issue was not preserved for appellate review since defense counsel failed to make an appropriate objection during the trial (see, CPL

470.05 [2]). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant contends that he was denied the effective assistance of trial counsel. Under the totality of circumstances, we find that the defendant was provided meaningful representation by counsel *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Rodriguez,* 196 AD2d 514).

In view of the nature and seriousness of the charged crime, the defendant's criminal history, and his status as a second felony offender, we find that the sentence imposed did not constitute cruel and unusual punishment *(see, People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950; *People v Wilson,* 190 AD2d 835; *People v Buckmaster,* 139 AD2d 659). In addition, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.