■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA MERCER, Appellant. [614 NYS2d 244] —Appeal by the defendant, as limited by her motion, from a sentence of the County Court, Westchester County (Scarpino, J.), imposed June 11, 1992, the sentence being an indeterminate term of 4 to 12 years imprisonment, upon her conviction of attempted murder in the second degree, after a plea of guilty.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL MERCER, Appellant. [612 NYS2d 650] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered April 1, 1992, convicting him of

criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On the evening of January 23, 1991, three undercover police officers assigned to the Brooklyn North Tactical Narcotics Team drove to the corner of Pitkin Avenue and Logan Street in order to participate in a so-called "buy and bust" operation. Upon arriving at that location, one of the undercover officers entered an apartment building at 436 Logan Street, where he purchased two vials of cocaine from the defendant in exchange for $10 in prerecorded money. After the sale was completed, the undercover officer returned to his vehicle and transmitted a description of the suspect to his supervisor. When the defendant exited the apartment building about three minutes later, he was arrested, and the prerecorded money was recovered.

During the course of the trial, the prosecutor moved to close the courtroom during the testimony of the undercover officer who had purchased narcotics from the defendant, and during the testimony of a second undercover officer who had acted as a backup or "ghost" during the transaction. After conducting a hearing pursuant to *People v Hinton* (31 NY2d 71), the trial court granted the People's application to close the courtroom to the public during the testimony of the two officers. Following the ruling, the defendant's attorney, who was employed by the Legal Aid Society, asked that one of her supervisors be permitted to remain in the courtroom, contending that the presence of a supervising attorney would not jeopardize the safety of the undercover officers. Although the Trial Judge acknowledged that it might to be to defense counsel's "advantage perhaps to confer" with a supervisor "in some aspect of the case", the court nevertheless denied her request, commenting that "my practice is to exclude everybody".

On appeal, the defendant contends, *inter alia,* that the trial court improperly closed the courtroom to defense counsel's supervisors during the testimony of the undercover officers. We agree. "The United States Supreme Court has articulated

a four-prong test by which to assess the propriety of closure: (1) the party seeking to close the hearing must advance *an overriding interest* that is likely to be prejudiced; (2) the closure must be *no broader than necessary* to protect that interest; (3) the * * * court must consider *reasonable alternatives* to closing the proceeding; and (4) the trial court must make *findings adequate to support the closure" (People v Kin Kan,* 78 NY2d 54, 57-58, citing *Waller v Georgia,* 467 US 39; *Press-Enterprise Co. v Superior Ct.,* 464 US 501). At bar, the required "delicate balancing" *(People v Martinez,* 82 NY2d 436, 442; *People v Kin Kan, supra,* at 58) between the defendant's individualized right to a public trial and the officers' concerns for their safety and continued ability to operate in an undercover capacity leads us to conclude that the closure of the courtroom to defense counsel's supervisors was broader than constitutionally permissible, and thus violated the defendant's right to a public trial. Significantly, the trial court failed to make findings adequate to justify closure of the courtroom to the supervising attorneys on the record. Indeed, to the contrary, the trial court recognized that a supervising attorney's presence in the courtroom might be of assistance to defense counsel, but denied counsel's request because its practice was to "exclude everybody". Moreover, the court did not indicate that the presence of defense counsel's supervisors would endanger the undercover officers, and we discern no basis to support such a conclusion *(see, People v Kin Kan, supra).*

We find no merit to the defendant's additional claim that the Supreme Court erred in summarily denying that branch of his omnibus motion which was to suppress the physical evidence seized from him at the time of his arrest. The Supreme Court properly determined that the conclusory allegations made upon information and belief by the defendant's attorney were insufficient to raise any factual issues to be resolved at a hearing *(see, People v Mendoza,* 82 NY2d 415, 429).

In light of our determination, we need not address the defendant's remaining contentions. Miller, J. P., Lawrence, Altman and Krausman, JJ., concur.