■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD ANDERSON, Appellant. [620 NYS2d 417] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered March 9, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not deprive the defendant of his right to a public trial when it closed the courtroom during the testimony of undercover police officers. During the *Hinton* hearings *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), the undercover officers testified that they had been involved with undercover operations in the vicinity of the defendant's arrest at a specified address in Jamaica, Queens, and continued to work in that area. Both officers further testified that their safety and the safety of fellow police officers, as well as the integrity of ongoing investigations in the vicinity of the defendant's arrest, would be jeopardized if their identities were disclosed. Thus, a sufficient link was established between the officers' concern for their safety and their open-court testimony, and the trial court did not improvidently exercise its discretion in closing the courtroom *(see, People v Hosien,* 204 AD2d 658; *People v Skinner,* 204 AD2d 664; *People v Thompson,* 202 AD2d 456; *cf., People v Martinez,* 82 NY2d 436).

The sentence imposed did not constitute cruel and unusual punishment *(see, People v Thompson,* 83 NY2d 477; *People v Brown,* 198 AD2d 424; *People v Wilson,* 190 AD2d 835) and, under the circumstances of this case, was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.