■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE L. BESS, Appellant. [632 NYS2d 634] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered June 2, 1994, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to public trial (*see*, US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; *People v Jones*, 47 NY2d 409, *cert denied* 444 US 946) because the Supreme Court excluded his attorney's supervisor during the testimony of an undercover police officer. We agree. At the conclusion of a hearing pursuant to *People v Hinton* (31 NY2d 71, *cert denied* 410 US 911), the defendant did not object to closure of the courtroom. When the officer took the stand, however, the defendant sought to have the trial counsel's supervisor from the Legal Aid Society present in the courtroom. The Supreme Court ruled that since the supervisor had not been listed as co-counsel and had not appeared during jury selection, and since the trial counsel was

handling the case in a competent manner, the supervisor would be excluded.

It is the party seeking closure that is burdened with " 'advanc[ing] an overriding interest that is likely to be prejudiced' " (*People v Martinez*, 82 NY2d 436, 442, quoting *Waller v Georgia*, 467 US 39, 48). The Court of Appeals has also held that once a defendant seeks the inclusion of a particular individual, the party seeking exclusion is again burdened with proving that the exclusion of that individual is necessary to protect the witness (*People v Kin Kan*, 78 NY2d 54, 58-59). Thus, the People were bound to prove that the supervisor somehow jeopardized an overriding interest of the undercover police officer. This Court in following *Martinez* and *Kin Kan* has reversed a conviction in a case very similar to this one. In *People v Mercer* (204 AD2d 741), the Supreme Court excluded a Legal Aid Society supervisory attorney on the grounds that it was the court's practice to "exclude everybody". This Court reversed the conviction because the Supreme Court failed to make findings "that the presence of the defense counsel's supervisors would endanger the undercover officers" (*People v Mercer, supra,* at 743). Here, too, the Supreme Court failed to make findings to support the conclusion that the supervisor jeopardized an overriding interest of the witness. The trial counsel's skills or the supervisor's timing in appearing at the trial do not address whether the supervisor was a threat to the witness (*see, People v Gutierez*, 86 NY2d 817). Further, *People v Mercer (supra)* demonstrates that this Court declines to follow *People v Esquilin* (141 AD2d 838), upon which the People rely.

Considering the disposition of this case, we do not address the defendant's excessive sentence claim. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.