■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER HINES, Appellant. [640 NYS2d 133]

At the conclusion of a hearing pursuant to People v Hinton (31 NY2d 71, cert denied 410 US 911), the defendant objected to closure of the courtroom to the general public and also requested that a Legal Aid attorney who had been observing the trial be allowed to remain in the courtroom during the undercover officer's testimony. The Supreme Court ruled that the courtroom would be sealed to the public based on concerns over the safety of the officer and also ruled that unless the defense wished to make the Legal Aid attorney cocounsel, he would also be excluded.

On appeal, the defendant contends that he was denied his right to a public trial (see, US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4; People v Jones, 47 NY2d 409, cert denied 444 US 946) because the Supreme Court closed the courtroom and excluded the Legal Aid attorney during the undercover police officer's testimony. We find that the Supreme Court properly ordered the closure of the courtroom to the public since the undercover officer testified that he continued

to work undercover in the neighborhood of the defendant's arrest and had lost several suspects in that area, and further testified that his safety and the integrity of future investigations would be jeopardized if his identity was disclosed, thus establishing a sufficient link between his concern for safety and his open-court testimony *(see, People v Martinez,* 82 NY2d 436; *People v Anderson,* 210 AD2d 417; *People v Cepeda,* 209 AD2d 631; *People v Mitchell,* 209 AD2d 444; *People v Crowder,* 207 AD2d 559; *People v James,* 207 AD2d 564). However, we agree with the defendant that his constitutional right to a public trial was violated when the Supreme Court excluded the Legal Aid attorney.

It is the party seeking closure that is burdened with " 'advanc[ing] an overriding interest that is likely to be prejudiced' " *(People v Martinez, supra,* at 442, quoting *Waller v Georgia,* 467 US 39, 48). The Court of Appeals has also held that once a defendant seeks the inclusion of a particular individual, the party seeking exclusion is again burdened with proving that the exclusion of that individual is necessary to protect the witness *(see, People v Gutierrez,* 86 NY2d 817; *People v Kin Kan,* 78 NY2d 54, 58-59; *see also, People v Bess,* 220 AD2d 603). Thus, the People were bound to prove that the Legal Aid attorney somehow jeopardized an overriding interest of the undercover police officer *(see, People v Bess, supra; People v Mercer,* 204 AD2d 741). Since the undercover officer stated that he was not bothered by the attorney remaining in the courtroom and the Supreme Court failed to make findings which supported exclusion, the defendant must be granted a new trial. Accordingly, we reverse. Bracken, J. P., Sullivan, Santucci and Krausman, JJ., concur.