■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MARTIN, Appellant. [659 NYS2d 984] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered November 6, 1995, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's argument that he was denied the effective assistance of counsel because, among other things, trial counsel failed to make a pretrial motion to sever the offenses. The defendant's trial counsel provided him with meaningful representation (*see, People v Baldi*, 54 NY2d 137; *People v Jefferson*, 156 AD2d 716).

Furthermore, the defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80). Joy, J. P., Goldstein, Florio and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MORALES, Appellant. [658 NYS2d 450] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lebowitz, J.), rendered April 29, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends, and the People correctly concede, that he was denied his right to a public trial because the Supreme Court excluded from the courtroom his attorney's Legal Aid Society supervisor during the testimony of an undercover police officer.

When the defendant's trial counsel sought to have his supervisor present in the courtroom, the People failed to meet their burden of proving that the supervisor "somehow jeopardized an overriding interest of the undercover police officer", and the trial court failed to make findings to support that conclusion (*People v Bess*, 220 AD2d 603, 604; *People v Mercer*, 204 AD2d 741). We note that *Bess* and *Mercer* were decided well before the trial in this case. The defendant is entitled to a new trial (*see, People v Scott*, 237 AD2d 544). Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.