THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY WATSON, Appellant. [813 NYS2d 546]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered August 16, 2004, convicting him of bail jumping in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to a public trial (see US Const Amend VI; Civil Rights Law § 12; Judiciary Law § 4) because the Supreme Court excluded his family and his attorney's supervisor from the courtroom during the testimony of an undercover officer. Although the Supreme Court may have been justified in excluding the general public from the courtroom during the undercover officer's testimony (see People v Ramos, 90 NY2d 490, 498 [1997], cert denied 522 US 1002 [1997]), it was error to exclude the defendant's family (see People v Garcia, 95 NY2d 946, 947 [2000]; Rodriguez v Miller, 439 F3d 68 [2d Cir 2006]; People v Ematro, 284 AD2d 408 [2001]; People v Pena, 258 AD2d 673 [1999]), and the defense counsel's supervisor (see People v Hines, 225 AD2d 706 [1996]; People v Mercer, 204 AD2d 741 [1994]). The undercover officer's testimony at the Hinton hearing (see People v Hinton, 31 NY2d 71 [1972], cert denied 410 US 911 [1973]) did not establish, nor did the Supreme Court find, that the defendant's family or the supervisor posed a threat to the officer. Therefore, the defendant is entitled to a new trial.

In light of the foregoing determination, the defendant's remaining contention need not be addressed. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.