■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIVIAN MORRIS, Appellant. [826 NYS2d 915]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered November 17, 2004, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In light of the overwhelming evidence of the defendant's guilt, the prosecutor's comments in summation, to which objection was made and overruled, constitute harmless error and thus do not warrant reversal (*see People v Crimmins,* 36 NY2d 230 [1975]). Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IBRAHIM MUHAMMAD, Appellant. [826 NYS2d 915]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 14, 2005, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since he failed to address any specific ground as a basis for dismissal in the trial court (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Wilson,* 190 AD2d 835, 836 [1993]; *People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.