■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SMITH, Appellant. [847 NYS2d 586]—

Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered September 7, 2006, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 12½ years, unanimously affirmed.

Defendant's lineup identification was not the product of an unlawful detention. When a detective investigating a shooting incident interviewed defendant at a hospital, where he was being treated for gunshot wounds, defendant claimed that someone had shot him. However, the detective knew—based on the location of defendant's wounds, the presence of a bullet hole in his underwear, and the absence of any damage to his pants— that the only reasonable explanation of the wounds was that, at some point in the incident, defendant accidentally shot himself with a weapon carried in his waistband. Therefore, at a bare minimum, the police had probable cause (*see generally Brinegar v United States*, 338 US 160, 175 [1949]; *People v Bigelow*, 66 NY2d 417, 423 [1985]), to arrest defendant for criminal possession of a weapon in the third degree. Accordingly, defendant was in lawful custody when the police transported him to a lineup upon his release from the hospital (*see People v Whitaker*, 64 NY2d 347, 352 [1985], *cert denied* 474 US 830 [1985]; *People v Griffin*, 161 AD2d 799, 800 [1990], *lv denied* 76 NY2d 940 [1990]). Moreover, defendant's demonstrably false statement, coupled with other evidence in possession of the police prior to the lineup, strongly suggested that he was one of the two persons who fired shots at the victim of the underlying assault.

The court properly exercised its discretion when it replaced a juror with an alternate. In addition to waiting two hours, the court also ascertained that it was unlikely that the juror could return to court until the following day (*see* CPL 270.35 [2] [a]; *People v Jeanty*, 94 NY2d 507 [2000]; *People v Ruckdeschel*, 2 AD3d 368 [2003], *lv denied* 1 NY3d 634 [2004]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, Buckley, Sweeny and McGuire, JJ.