■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN GUNTER, Appellant. [931 NYS2d 621]—

The court properly denied defendant's motion to suppress statements. After being lawfully arrested on unrelated charges, defendant was in police custody at Central Booking. A detective moved defendant to an interview room in the same building, administered *Miranda* warnings, and questioned him about this murder case. On appeal, defendant challenges his statements solely on Fourth Amendment grounds. However, the detective simply moved defendant from one room to another to speak with him, while he was still in lawful police custody. This was, at most, a "minimal 'additional intrusion' on the defendant's lawful confinement" (*People v Whitaker*, 64 NY2d 347, 352 [1985], *cert denied* 474 US 830 [1985]). Accordingly, the detective's action did not implicate the Fourth Amendment, and it did not require defendant's consent or any particular level of suspicion. Although defendant asserts that the detective "removed" him from custody, he was actually in police custody

throughout. This case does not involve an investigative transfer of an inmate from a correctional facility to police custody, and we need not decide any issue relating to such a transfer.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence did not establish the affirmative defense to felony murder (Penal Law § 125.25 [3]). Defendant's videotaped statement undermined his claim that he had no reasonable ground to believe that any of the other participants was armed with a deadly weapon.

Of defendant's challenges to the prosecutor's summation, the only claim that he properly preserved by way of a timely and specific objection was his claim that a particular comment asserted facts not in evidence. However, that remark constituted fair comment on the evidence and reasonable inferences to be drawn therefrom, made in response to defense arguments. Defendant's remaining challenges to the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.