People v Goodson (2022 NY Slip Op 00824)





People v Goodson


2022 NY Slip Op 00824


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Ind. No. 1249/18 Appeal No. 15236 Case No. 2019-03711 

[*1]The People of the State of New York, Respondent,
v
James Goodson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip V. Tisne of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J. at hearing; Ann E. Scherzer, J. at jury trial and sentencing), rendered June 5, 2019, convicting defendant of burglary in the third degree and two counts of petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.
The court properly denied defendant's motion to suppress spontaneous statements he made while he was awaiting a lineup at a police station. As the court stated at the end of the hearing, it was undisputed that defendant had been lawfully arrested for an unrelated crime that occurred the day before defendant made the statements. Because defendant was in lawful custody for one crime, he could be placed in a lineup in connection with another (see People v Whitaker, 64 NY2d 347 [1985], cert denied 474 US 830 [1985]). We reject defendant's arguments concerning the scope of our review (see People v Nicholson, 26 NY3d 813, 825-826 [2016]). The hearing court's ultimate determination should be read in the context of "the suppression hearing record and the colloquy with counsel" (People v Cisse, 32 NY3d 1198, 1200 [2019]). In any event, even if the evidence should not have been admitted, any error in its admission was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The record supports the conclusion that defendant knew he was prohibited from entering a store as the result of a trespass notice communicated to him after a prior shoplifting incident. Although the notice was not admitted into evidence, defendant nevertheless admitted receiving it and a store manager testified that, along with the store's loss prevention agent, he personally provided it to defendant (see e.g. People v Guerman, 156 AD3d 544, 544 [1st Dept 2017], lv denied 31 NY3d 1014 [2018]). Additionally, there was corroborating circumstantial evidence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022