OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
During defendant’s jury trial for criminal sale of a controlled substance in the third degree, the courtroom, which had been ordered closed for the testimony of an undercover police officer, inadvertently remained closed for defendant’s subsequent testimony. The trial court denied defendant’s application for a mistrial on the grounds that failure to reopen the courtroom resulted from an inadvertent lapse and not from an improper affirmative closure order. The Appellate Division upheld the conviction, concluding that none of the purposes served by the public trial guarantee were offended under the circumstances of this case.
On this appeal, defendant, contending that he was denied the right to a public trial, seeks a new trial based on this claimed reversible error (People v Jones, 47 NY2d 409, cert denied 444 US 946). A denial of the public trial right requires an affirmative act by the trial court excluding persons from the courtroom, which in effect explicitly overcomes the presumption of openness (see, e.g., People v Colon, 71 NY2d 410, cert denied 487 US 1239; People v Glover, 60 NY2d 783, cert denied 466 US 975). The brief and inadvertent continuation of a proper courtroom closing, which was not noticed by any of the participants, did not violate defendant’s right to a public trial.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
On review of submissions pursuant to section 500.4 of the *826 Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.