**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Zuhair I. AL–SMADI a/k/a, Sudgi Asad, Defendant–Appellant.**

**No. 93–2099.**

United States Court of Appeals, Tenth Circuit.

Jan. 24, 1994.

---

Submitted on the Briefs: *

Stuart L. Stein, P.A., Santa Fe, NM, for defendant-appellant.

Larry Gomez, Acting U.S. Atty., and Robert J. Gorence, Asst. U.S. Atty., Albuquerque, NM, for plaintiff-appellee.

Before MOORE, ANDERSON and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

After normal working hours, the federal courthouse in Santa Fe, New Mexico is closed to the public. *See generally* 41 C.F.R.

§ 101–20.302 (1993). Consistent with normal practice, this occurred at 4:30 p.m. during the second day of Mr. Al–Smadi's five-day trial for wire fraud, 18 U.S.C. § 1343. The court security officers failed to keep the front doors of the courthouse open past 4:30 p.m., given that a trial was in progress. Defense counsel's wife and child were unable to gain access to the second-floor courtroom when they attempted to enter the courthouse after 4:30 p.m. At 4:50 p.m., the trial adjourned. Mr. Al–Smadi appeals the district court's denial of his motion for a mistrial on the grounds that the closing of the courthouse denied him his Sixth Amendment right to a public trial. *See generally Waller v. Georgia,* 467 U.S. 39, 44–46, 104 S.Ct. 2210, 2214–15, 81 L.Ed.2d 31 (1984); *Davis v. Reynolds,* 890 F.2d 1105, 1109 (10th Cir.1989). Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

■ The underlying facts concerning the closure as found by the district court will be accepted unless clearly erroneous; however, whether the closure violated the Sixth Amendment is a legal issue which we review de novo. *See Nieto v. Sullivan,* 879 F.2d 743, 749–54 (10th Cir.), *cert. denied,* 493 U.S. 957, 110 S.Ct. 373, 107 L.Ed.2d 359 (1989). Mr. Al–Smadi argues that, in the absence of a substantial reason to partially close his trial, *see United States v. Galloway,* 937 F.2d 542, 545–47 (10th Cir.1991), the district court could not merely reject his Sixth Amendment claim with the maxim *de minimis non curat lex.* Aplt. App. at 20.

■ The denial of a defendant's Sixth Amendment right to a public trial requires some affirmative act by the trial court meant to exclude persons from the courtroom. *See People v. Peterson,* 81 N.Y.2d 824, 595 N.Y.S.2d 383, 611 N.E.2d 284, 285 (1993); *People v. Colon,* 71 N.Y.2d 410, 526 N.Y.S.2d 932, 521 N.E.2d 1075, 1078, *cert. denied,* 487 U.S. 1239, 108 S.Ct. 2911, 101 L.Ed.2d 943 (1988). The brief and inadvertent closing of the courthouse and hence the courtroom, un-

---

* The parties have not requested oral argument. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

noticed by any of the trial participants, did not violate the Sixth Amendment. *Peterson,* 595 N.Y.S.2d at 384, 611 N.E.2d at 285; *State v. Clayton,* 109 Ariz. 587, 514 P.2d 720, 727–28 (1973). Although Mr. Al–Smadi notes that "[t]he trial judge was silent as to what steps, if any, are taken by his chambers to assure that the building remains open when criminal trials go beyond ... 4:30 p.m.," Aplt. Br. at 3, nothing indicates that the situation recurred and we are confident that appropriate steps will be taken to avoid it.

AFFIRMED.