■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTA RIVERA, Also Known as MARIA RIVERA, Appellant. [632 NYS2d 122] —Judgment, Supreme Court, New York County (Ira F. Beal, J.), rendered September 14, 1993, convicting defendant, after jury trial, of criminal possession and sale of a controlled substance in the third degree and sentencing her, as a second felony offender, to concurrent terms of 5 to 10 years imprisonment, unanimously reversed, on the law, and the case is remanded for new trial.

Defendant was arrested in March 1993 in a routine buy-and-bust operation on East 100th Street in Manhattan. The arresting officer testified in July, at a hearing on the People's application for closure (*People v Hinton*, 31 NY2d 71, *cert denied* 410 US 911), that he had performed undercover assignments for the Manhattan North (above 77th Street) Tactical Narcotics Team in three different precincts over the past 11 months.

The purpose of the application was to preserve the officer's safety and continued utility as an undercover. Defendant resisted the exclusion of her family (her husband, who was represented to have a clean record, and their children, ages 7 and 13), who had been the only spectators in the courtroom. The officer affirmed that he was still working "in the vicinity of * * * East 100th Street", although his current assignment was the 34th precinct (155th to 203rd Streets). There was no testimony as to how many undercover cases—if any—he still had open in the precinct where defendant was arrested. The prosecutor asked the court merely to "rely on the testimony of the officer", which is precisely what it did in sealing the courtroom for his trial testimony.

Manhattan's 34th precinct is hardly in the "same vicinity" as East 100th Street (*Vidal v Williams*, 31 F3d 67, 69, *cert denied* — US —, 115 S Ct 778). Absent an expression of particularized fear for safety or compromise, closure of the courtroom to defendant's immediate family during the trial testimony of this key witness was unwarranted (*People v Martinez*, 82 NY2d 436), and thus violated her constitutional right to a public trial (*People v Gutierez*, 86 NY2d 817; *see, People v Kin Kan*, 78 NY2d 54). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.