■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TEJADA, Appellant. [636 NYS2d 25] —Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered August 2, 1993, which, after a jury trial, convicted defendant of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and sentenced him, as a second felony offender, to concurrent prison terms of $4^{1}/_{2}$ to 9 years, is unanimously reversed, on the law and the facts, and the matter is remanded for a new trial.

During the afternoon of May 27, 1992, an undercover New York City Police Officer approached defendant and another Hispanic male near the intersection of Prince and Elizabeth Streets in Manhattan. The officer inquired, in Spanish, "Are you working?", after which defendant proceeded into a nearby bodega and exited moments later accompanied by a third male, who handed the undercover officer two glassine bags containing heroin in exchange for $20 in prerecorded buy money. Defendant and his accomplices were arrested shortly thereafter and a drive-by identification by the undercover officer confirmed their identities.

On June 16, 1993, defendant proceeded to trial pursuant to

Indictment Number 5726/92, filed on June 10, 1992. Prior to the undercover officer taking the stand, the People moved to close the courtroom during her testimony. The defendant opposed the application and specifically objected to the exclusion of his family members. On June 21, 1993, the court conducted a *Hinton* hearing in order to determine whether the courtroom should be closed to all spectators. At the conclusion of the hearing, the trial court granted the People's request and on June 23, 1993, defendant was convicted on both counts of the indictment. Defendant appeals and we now reverse.

It is well settled that the guarantee of a public trial is firmly embedded in our jurisprudence and that "the concept of a secret trial is anathema to the social and political philosophy which motivates our society" (*People v Jones*, 47 NY2d 409, 413, *cert denied* 444 US 946; *People v Hinton*, 31 NY2d 71, 73-74, *cert denied* 410 US 911). This right, however, is neither absolute nor inflexible, and must be balanced against other, competing interests "which are essential to the fair administration of justice" (*People v Clemons*, 78 NY2d 48, 49).

In determining whether closure of the courtroom is necessary, the Court of Appeals has set forth a four-pronged test: "(1) the party seeking to close the hearing must advance an *overriding interest* that is likely to be prejudiced; (2) the closure must be *no broader than necessary* to protect that interest; (3) the trial court must consider *reasonable alternatives* to closing the proceeding; and (4) the trial court must make *findings adequate to support the closure*" (*People v Kin Kan*, 78 NY2d 54, 58; *Waller v Georgia*, 467 US 39, 48; *People v Martinez*, 82 NY2d 436, 442). Further, once the defendant seeks the inclusion of members of his family, the People must prove that the individuals' exclusion is necessary to protect the witness (*People v Kin Kan, supra*, at 58-59; *People v Bess*, 220 AD2d 603, 604).

In the matter before us, defendant objected to the exclusion of his immediate family members during the testimony of the undercover officer. During the *Hinton* hearing, while the officer did testify with regard to anonymous phone threats made against her, she never stated that the death threats were specifically related to the instant case or that the threats were made by defendant or any of his family members. In fact, when questioned as to whether any of the threats were specifically related to this case, the undercover officer replied "No". Since there was no expression of particularized fear, the closure of the courtroom to defendant's immediate family during the trial testimony of this key witness was unwarranted (*People v*

*Gutierez*, 86 NY2d 817; *People v Rivera*, 220 AD2d 298, 299) and violated his constitutional right to a public trial (*see*, *People v Kin Kan*, *supra*). Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Tom, JJ.