United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20017
_____

EFRAIN PEREZ

                                    Petitioner - Appellant

        v.

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

                                    Respondent - Appellee

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 02-CV-908
_____

Before KING, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Petitioner-Appellant Efrain Perez appeals the decision by
the District Court for the Southern District of Texas denying his
request for a writ of habeas corpus on any of the four grounds he
raised before that court.  As the district court denied his

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

request for a certificate of appealability (COA), Perez has applied to this court for a COA on three of those issues. Perez also raises one additional issue not presented to the district court. After reviewing the district court's thorough and thoughtful treatment of the case, as well as the briefs of the parties and the records from earlier proceedings, we find Perez's application for a COA to be without merit. Therefore, we reject his application on all grounds.

I.   FACTS AND PROCEDURAL HISTORY

On June 24, 1993, teenagers Elizabeth Pena and Jennifer Ertman were taking a shortcut home when they encountered an initiation ritual being conducted by members of Houston's "Black N White" gang. Among those gang members present at the initiation was 17-year-old Efrain Perez. When the girls walked past the area where the initiation was taking place, the gang members en masse grabbed the girls, forced them to the ground, and, over the course of an hour, committed a series of brutal rapes and sexual assaults. When the rapes ended, the gang members dragged the girls into a nearby wooded area and strangled them with shoelaces and belts. The gang members also repeatedly stomped on the girls to ensure that they were dead. Five days later, Perez and his friends were arrested. Perez gave three interviews to the police; while he denied any involvement in the rapes and murders during the first interview, he ultimately

confessed that he had sexually assaulted Elizabeth Pena and had helped hold the shoestring used to choke her.

At trial, the prosecution presented overwhelming evidence of Perez's guilt, including Perez's own statements as well as statements of other gang members present at the time and others to whom Perez had spoken about the incident. The jury found Perez guilty of murder committed during the course of the sexual assault. During the punishment phase, prosecutors provided evidence that Perez had been a disinterested and disruptive student prone to fighting and committing other crimes. As mitigation, Perez's attorney called several character witnesses in an attempt to demonstrate that Perez was a follower who simply got mixed up with the wrong crowd of friends. Nevertheless, the jury returned answers to each of the special issues in a manner that required the imposition of a sentence of death.

The Texas Court of Criminal Appeals affirmed Perez's conviction and sentence on direct appeal in an unpublished opinion. Perez v. State, No. 72,201 (Tex. Crim. App. Oct. 23, 1996) (unpublished op.). Perez did not request certiorari review of this decision from the United States Supreme Court. Perez then filed a request for habeas corpus relief in state court. In another unpublished opinion, the Court of Criminal Appeals denied his application. Ex parte Perez, No. 48,614-01 (Tex. Crim. App. Nov. 21, 2001) (unpublished op.).

3

Perez then filed a habeas petition in federal district court, asserting four claims for relief.  The district court, in a lengthy reasoned opinion, denied Perez's application for relief on each claim.  Perez v. Cockrell, No. H-02-908 (S.D. Tex. Dec. 18, 2002) (unpublished op.).  The district court also sua sponte refused to issue a COA to Perez for any of his claims.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may decline to issue a COA even where the petitioner has not moved for a COA).

II.  APPLICABLE LAW

Perez comes to this court seeking a COA on four issues, three of which were considered by the district court.  Perez filed his habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Lindh v. Murphy, 521 U.S. 320, 326-27 (1997) (stating that the AEDPA applies to all cases pending as of April 24, 1996).  Under the AEDPA, Perez must obtain a COA before he may receive full appellate review of the district court's denial of his request for habeas relief.  28 U.S.C. § 2253(c)(1)(A) (2000) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.").

We may grant Perez's request for a COA only if he can make a "substantial showing of the denial of a constitutional right."

4

<u>Id.</u> § 2253(c)(2).  To make such a showing, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 740 (5th Cir. 2000), <u>cert. denied</u>, 532 U.S. 915 (2001) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000)).  If the district court has denied some or all of the petitioner's claim on procedural grounds, to obtain a COA the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484.  When considering the petitioner's request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."  <u>Henry v. Cockrell</u>, 327 F.3d 429, 431 (5th Cir. 2003) (quoting <u>Miller-El v. Cockrell</u>, 537 U.S. 322, ___ (2003)).

Our review of whether Perez has made a "substantial showing of the denial of a constitutional right" is also subject to the applicable AEDPA standards of review.  <u>Moore v. Johnson</u>, 225 F.3d 495, 501 (5th Cir. 2000), <u>cert. denied</u>, 532 U.S. 949 (2001).  On questions of law, the state court's conclusions will be disturbed only upon a showing that they were "contrary to, or an

5

unreasonable application of, clearly established" Supreme Court precedent. 28 U.S.C. § 2254(d)(1) (2000). In addition, the state court's findings of fact are presumed correct unless the petitioner can rebut them by clear and convincing evidence. Id. § 2254(e)(1).

III. PEREZ'S CLAIMS ON APPEAL

Perez raises three claims rejected by the district court as potential grounds for a COA: (1) denial of his right to a public trial; (2) ineffective assistance of trial counsel; and (3) unconstitutionality of the Texas capital sentencing system as applied to Perez. In a claim not presented to the district court, Perez also asserts that courts reviewing his ineffective assistance of counsel claims have consistently applied the wrong standard.

A. *Right to a Public Trial*

Perez claims that he was denied his Sixth Amendment right to a public trial because the courtroom in which the trial was being held was tucked away at the end of a long corridor without any signs indicating what was going on inside. In addition, on the first day of trial while a preliminary hearing and jury selection were being conducted, the doors to the courtroom were locked and windowless, and a large sign on one of the doors admonished passersby to "Knock, No Admittance." Perez raised the public trial objection in the trial court on that first day of trial,

6

and the trial court agreed to make several changes. The door with the combination lock was unlocked and could be readily opened without the need to seek permission to enter. The trial court also placed a sign in the corridor identifying the room as the one where Perez's trial was being held and stating again that the door was unlocked. Evidence indicates that courtroom was in an area of the building open to the public, and several of Perez's family members were able to locate the room and be present during the trial. There is no evidence that any member of the public who attempted to gain access to the courtroom during the trial was turned away or was otherwise unable to locate and observe the proceedings.

The district court considered the evidence concerning the public nature of the courtroom and found that the state habeas court's conclusion that the trial proceedings had not been affirmatively "closed" for the purposes of Sixth Amendment analysis was not contrary to, or an unreasonable application of, clearly established federal law. United States v. Al-Smadi, 15 F.3d 153, 154 (10th Cir. 1994) ("The denial of a defendant's Sixth Amendment right to a public trial requires some affirmative act by the trial court meant to exclude persons from the courtroom."). Perez presents no new arguments that would cause jurists of reason to find the district court's resolution of this issue to be debatable. Therefore, he has not made a substantial

showing of the denial of a constitutional right, and we decline to grant a COA on this issue.

B.    *Ineffective Assistance of Counsel*

As his second ground, Perez argues that the district court should have found that Perez's trial counsel fell below the standards for effective counsel set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Perez contends that trial counsel provided ineffective assistance by failing to request a hearing to suppress Perez's confession to the police and also by failing to contest the admissibility of the confession during trial.  Perez argues that his trial counsel should have used the circumstances surrounding the confession — aggressive police tactics resulting from a high-profile case, lack of sleep, Perez's youth, the fact that he was strip-searched, and the fact that the police took three statements from him within a seven-hour period — as evidence that the confession was involuntary and should be suppressed.  Instead, trial counsel did not even request a pre-trial suppression hearing and, when one was conducted at the behest of the prosecution, posed little in the way of cross-examination of the officers present during the taking of the statements.  In addition, Perez also argues that trial counsel made little effort during trial to challenge the confession in front of the jury.

The district court extensively reviewed the circumstances of the statements, the pre-trial hearing, and the trial. The court concluded that the state habeas court's finding that Perez failed to demonstrate either that trial counsel could have made a tenable argument for suppressing the confession or that there was a reasonable probability that such an argument would have been successful was not contrary to, or an unreasonable application of, clearly established federal law. Strickland, 466 U.S. at 694 (stating that, in order to obtain relief, petitioner must demonstrate both that counsel's performance was objectively unreasonable and that, but for counsel's ineffective performance, there is a reasonable probability that a different outcome would have been reached). Perez's arguments to this court do not persuade us that jurists of reason would find the district court's resolution of this issue debatable. Because he has failed to make a substantial showing of the denial of the constitutional right to effective counsel, we decline to grant a COA.

C. *Unconstitutionality of Texas Capital Sentencing Procedure as Applied to Perez*

The final ground Perez presented to the district court was a claim that Texas' capital sentencing system was unconstitutional as applied to Perez because it failed to mandate an individualized assessment of the emotional and mental status of someone still a minor at the time the crime was committed. Perez

argues that Supreme Court precedent requires that states give 17-year-old defendants potentially subject to a capital charge the procedural safeguard of either: (1) a juvenile transfer statute that provides for individualized consideration of the maturity of the defendant; or (2) a statute codifying age as a mitigating factor in capital cases. Because Texas has neither, but instead permits the jury to consider youth as a mitigating factor when weighing its answers to the special issues during the sentencing phase, Perez argues that the Texas capital system is unconstitutional as applied to 17-year-old defendants. Perez also argues that, had an individualized assessment of his particular case been conducted, he likely would not have been found eligible to be prosecuted as an adult facing the death penalty.

The district court thoroughly reviewed the relevant Supreme Court precedent concerning the status of the juvenile death penalty and the constitutionality of the Texas capital sentencing scheme, finding that the Supreme Court had never held that a state's failure to consider each individual defendant's mental and emotional maturity would violate the constitution. See also Roach v. Angelone, 176 F.3d 210, 225 (4th Cir. 1999) ("[T]he Supreme Court simply did not hold that juvenile transfer statutes which do not provide for individualized consideration of the minor's maturity and moral responsibility violate the Constitution."). The district court concluded that the state

10

habeas court's finding that a jury has ample opportunity to include a defendant's youth as a relevant mitigating circumstance when considering either the "future dangerousness" special issue or the mitigation special issue during the sentencing phase was not contrary to, or an unreasonable application of, clearly established federal law.

Perez again presents no new arguments or evidence to persuade us that the district court erred in its conclusion. It would not be debatable among jurists of reason whether the Texas system appropriately accounts for a defendant's youth in the sentencing phase of a capital trial. Perez has failed to make a substantial showing of the denial of a constitutional right, and he is not entitled to a COA on this issue.

D.  *Appropriate Standard of Review for Ineffective Assistance of Counsel Claims*

Perez's final claim, one not raised in the district court, is that courts have been using the incorrect standard to analyze his ineffective assistance of counsel claims. Perez argues that the standard set out in United States v. Cronic, 466 U.S. 648 (1984), rather than the Strickland standard, is the correct legal framework through which to view his claims of ineffective assistance of counsel.

As stated, Perez did not present this claim to the district court. We do not consider claims raised by a habeas petitioner for the first time in this court on appeal from the district

11

court's denial of habeas relief.  <u>Johnson v. Puckett</u>, 176 F.3d 809, 814 (5th Cir. 1999).  Therefore, we decline to grant a COA on this ground.

IV.  CONCLUSION

Perez's request for a COA on each of the issues he has raised is DENIED.