[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

No. 10-13896
Non-Argument Calendar

_____

D.C. Docket Nos. 5:08-cv-90024-CDL,
5:03-cr-00083-CDL-1

EDDIE MILTON GAREY, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 27, 2012)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Eddie Garey, Jr., a federal prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence, asserting that the Sixth Amendment was violated when a journalist was denied access to the courtroom during jury selection for Garey's trial.[1]  Garey argues that, although he did not raise this issue on direct appeal, his claim should not be deemed procedurally defaulted because his appellate counsel provided ineffective assistance.

A habeas petitioner may overcome procedural default by showing that his counsel was constitutionally ineffective.  United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).  To prevail on a claim of ineffective assistance of appellate counsel, a defendant must show that counsel was objectively unreasonable in failing to raise a particular issue on appeal.  See Smith v. Robbins, 528 U.S. 259, 285 (2000).[2]

Garey contends that his appellate counsel was deficient in failing to argue that Garey's Sixth Amendment right to a public trial was violated when a court security officer refused to permit a single newspaper reporter to enter the

---

[1] Garey also challenges the district court's decision to hold a hearing on Garey's motion to disqualify counsel in chambers rather than in court.  However, because this issue is outside the scope of the certificate of appealability, we cannot address it.  Murray v. United States, 145 F.3d 1249, 1250 (11th Cir. 1998).

[2] We review a claim of ineffective assistance of counsel *de novo* as a mixed question of law and fact.  Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009) (per curiam).

2

courtroom during jury selection. The security officer's action was unauthorized by the district court, was contrary to the district court's policy of conducting open trials, and was unknown to all of the participants in jury selection at the time that it occurred. At the time of Garey's appeal, our court had not yet addressed whether a defendant's public trial right may be violated when members of the public are excluded from the courtroom without authorization from the district court, and two Circuits had concluded that a brief, unauthorized closure does not violate the Sixth Amendment. See Peterson v. Williams, 85 F.3d 39, 44 (2d Cir. 1996); United States v. Al-Smadi, 15 F.3d 153, 154 (10th Cir. 1994). Moreover, in omitting a challenge to the unauthorized closure of the courtroom during jury selection, Garey's counsel focused on other arguments that were presented on appeal, and his appeal was initially successful. See United States v. Garey, 483 F.3d 1159 (11th Cir. 2007) (reversing Garey's conviction), rev'd en banc, 540 F.3d 1253 (11th Cir. 2008). In light of the strength of the performance given by appellate counsel in obtaining reversal of Garey's conviction initially, combined with the indeterminate status of unauthorized courtroom closure under the law at the time of Garey's appeal, we cannot say that counsel performed deficiently in omitting this argument. See Smith, 528 U.S. at 285.

3

Accordingly, because Garey has not shown that his appellate counsel rendered constitutionally ineffective assistance, he cannot overcome his procedural default in failing to raise his Sixth Amendment argument in his initial appeal. See Nyhuis, 211 F.3d at 1344.

**AFFIRMED**.