■ The People of the State of New York, Respondent, v Daniel Floyd, Appellant. [944 NYS2d 306]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered April 9, 2010, convicting him of murder in the second degree, manslaughter in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his right to a public trial was violated when the Supreme Court allegedly temporarily excluded

his mother from the courtroom during the initial portion of the voir dire because there was only available seating for the prospective jurors who were to be called into the courtroom (*see Presley v Georgia,* 558 US —, 130 S Ct 721 [2010]; *People v Martin,* 16 NY3d 607, 609 [2011]). However, the record reflects that the defendant's claim that his right to a public trial was violated is unpreserved for appellate review (*see People v Borukhova,* 89 AD3d 194, 225 [2011]; *People v George,* 79 AD3d 1148 [2010], *lv granted* 16 NY3d 895 [2011]; *People v Alvarez,* 76 AD3d 1098 [2010], *lv granted* 16 NY3d 827 [2011]), and we decline to review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.05 [2]; *People v Borukhova,* 89 AD3d at 225).

The defendant further argues that his conviction of felony murder was against the weight of the evidence. We disagree. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's further contention, the evidence was legally sufficient to support his conviction of criminal possession of a weapon in the second degree (*see* Penal Law § 265.03 [3]; *People v White,* 75 AD3d 109, 121 [2010]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to that conviction was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Rivera, J.P., Chambers, Roman and Miller, JJ., concur.