[988 NE2d 505, 965 NYS2d 770]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL FLOYD, Appellant.

Decided April 25, 2013

■■■■■■■■

### APPEARANCES OF COUNSEL

*Lynn W.L. Fahey*, *Appellate Advocates*, New York City (*Allegra Glashausser* of counsel), for appellant.

*Charles J. Hynes, District Attorney*, Brooklyn (*Rhea A. Grob* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and a new trial ordered.

Defendant was convicted of second degree felony murder, second degree manslaughter, and second degree criminal possession of a weapon for murdering Leon Hill during the robbery of an underground dice game. Before jury selection, defense counsel informed the judge that defendant's mother was waiting outside, unable to find a seat in the courtroom. Defense counsel observed, "[c]ertainly, as a public spectator, she has an absolute right to be present . . . I can't think of anything else at this particular point about which I might make a record."

The trial judge informed defense counsel that because the jury panel was larger than normal, defendant's mother would need to wait outside the courtroom until he could excuse jurors to create room. Defense counsel replied "right" and informed defendant's mother.

The Appellate Division found that defendant failed to preserve his objection to his mother's exclusion from the courtroom and otherwise upheld his convictions (*People v Floyd*, 95 AD3d 1138, 1139 [2d Dept 2012]). We reverse.

Defendants have a constitutional right to a "public trial" (US Const Amend VI; *Presley v Georgia*, 558 US 209, 211-214 [2010]). Mere courtroom overcrowding is not an overriding interest justifying courtroom closure, and the trial judge failed to consider reasonable alternatives before excluding defendant's mother from the courtroom (*People v Alvarez*, 20 NY3d 75

[2012]; *People v Martin*, 16 NY3d 607, 612 [2011]). This violation is per se prejudicial and requires a new trial (*Martin*, 16 NY3d at 613).

Defense counsel properly preserved his objection by raising the issue to the trial court when given the opportunity to "make a record" before jury selection. His statements "unquestionably apprised" the trial judge of the constitutional rights at issue and the obligation to consider reasonable alternatives (*People v Garcia*, 95 NY2d 946 [2000]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed and a new trial ordered, in a memorandum.