OPINION OF THE COURT
Richter, J.
Defendant’s conviction in this case arises out of the sale of a gun and ammunition to an undercover police officer. Defendant was not apprehended immediately after the sale, but rather was arrested about a week later. Defendant’s identity was confirmed by the undercover based on his review of a photograph. Prior to the Wade hearing, the People submitted an ex parte affirmation *51 in support of their motion for a protective order pursuant to CPL 240.50 and 240.90 (3), and we have reviewed that affirmation on appeal. Without disclosing the details of that sealed affirmation, we note the People contended that disclosure of the full circumstances preceding the identification would reveal information about the identity of another individual, and create a substantial risk for non-law enforcement persons. The People further contended there was a risk of intimidation, and an adverse effect upon the legitimate needs of law enforcement, including safety of witnesses, if defendant was not excluded from the Wade hearing. They requested that the Wade hearing be conducted ex parte or, in the alternative, with defendant’s attorney present on the condition that the attorney not be allowed to discuss the testimony or any corresponding Rosario material with defendant. In response to this request, the hearing court granted the motion and excluded defendant from the Wade hearing. The court allowed defense counsel to be present and to participate, and at the conclusion of the hearing, denied the motion to suppress the undercover’s identification. The hearing minutes were sealed.
In People v Castillo (80 NY2d 578 [1992], cert denied 507 US 1033 [1993]), the Court of Appeals recognized that there may be exceptional circumstances in which a defendant’s right to participate in the proceeding may yield to the need to impose safety precautions. In People v Frost (100 NY2d 129 [2003]), the Court again upheld the trial court’s right to conduct ex parte proceedings, emphasizing this should be done only in limited circumstances. Upon our review of the sealed record in this case, we are satisfied that exceptional circumstances justified defendant’s exclusion from the courtroom during the Wade hearing, and that the exclusion did not violate defendant’s constitutional or statutory right to be present. The People showed that defendant’s presence would compromise the safety of an undercover officer and others, and undermine legitimate law enforcement objectives. The court’s exclusion order was properly tailored to these concerns, and defendant’s attorney was allowed to participate fully. Defendant’s counsel offered no alternatives to the court’s order, other than that defendant be present throughout the Wade hearing.[1]
Although we find no error in the court’s handling of the Wade hearing, we conclude defendant’s right to a public trial *52 was violated by the exclusion of defense counsel’s colleague during the trial testimony of the undercover.[2] In People v Echevarria (21 NY3d 1 [2013]), the Court of Appeals emphasized that there is a presumption of openness and that violation of the right to a public trial is not subject to harmless error analysis. Thus, if there is a violation in this case, reversal is mandated.
Here, the court ruled that during the testimony of the undercover, the courtroom would be closed to the general public but that defendant’s grandmother and his girlfriend could be present.[3] Defense counsel specifically told the court that associates from his office wanted to attend, and the court confirmed they could be present. During the undercover’s testimony, an attorney from defense counsel’s office tried to enter the courtroom, but he was barred by the court officer who had been stationed at the door. The officer went into the courtroom to speak with the sergeant inside, and when the officer returned, he told the attorney that the sergeant had confirmed the courtroom was closed and the lawyer could not enter.
The attorney’s exclusion was brought to the court’s attention the next day and defense counsel sought a mistrial. The court denied the request acknowledging the closure order had been violated, but stated the burden was on the excluded attorney to take some further action, such as calling the captain or the major, once the officer and the sergeant refused to admit him.
On appeal, the People neither dispute the closure order was violated nor do they argue the excluded attorney had no right to be in the courtroom. Instead, they maintain that the court officer’s actions did not violate the right to a public trial because they were the result of a ministerial mistake in carrying out the court’s order. The People’s argument ignores the fact that it was the court’s order that resulted in the closure in the first place. Having issued the order, the court was obligated to ensure that procedures were in place to ensure it was properly carried out. Moreover, the problem was compounded when the officer entered the courtroom, and the sergeant, who was in the courtroom, gave the same erroneous information. The officer and the sergeant usurped the judicial function, which resulted in an improper closure of the trial (see People v Khalek, 91 NY2d 838 [1997] [instruction by court officer’s supervisor to deliberating jury was improper usurpation of judicial function and war *53 ranted reversal]; People v Flores, 282 AD2d 688 [2d Dept 2001] [court officer usurped judge’s role by responding to juror question and not informing the court of the issue]).
The trial court improperly imposed a burden on the party seeking entry to take additional action, such as calling the captain or major in charge of the court, or calling the courtroom at the lunch recess. The attorney who sought entry had no such burden. Moreover, the attorney was not only denied entry by the officer, but a sergeant confirmed his exclusion. Having been denied admission twice, the attorney did not have to go searching for another higher level supervisor, nor was he obligated to call the court. In fact, it would have been entirely reasonable for the attorney to assume that the sergeant, who was in the courtroom, had consulted with the court and was acting on the court’s behalf.
Furthermore, there is nothing in the appellate jurisprudence that requires the excluded person to pursue additional remedies before a defendant can claim a violation of the right to a public trial. “This right ‘has long been regarded as a fundamental privilege of the defendant in a criminal prosecution’ ” (People v Martin, 16 NY3d 607, 611 [2011], quoting People v Jelke, 308 NY 56, 61 [1954]). The People argue that defendant’s trial counsel never established that the trial strategy or conduct of the trial would have been different had counsel’s colleague been admitted. Such an argument ignores the fact that there is a per se rule of reversal when the right to a public trial is violated, regardless of prejudice (Martin, 16 NY3d at 613). In Martin, the Court, in considering the prosecution’s argument that the closing of the courtroom was so inconsequential that it was trivial, focused not on what the excluded person would have contributed, but rather looked at what was occurring in the courtroom during the time the defendant’s father was excluded. Many of the cases in which courts have reversed based on the violation of the right to a public trial involve family members or individuals personally connected to the defendant, who obviously cannot contribute legal expertise to the defense case (see e.g. People v Floyd, 21 NY3d 892 [2013] [defendant’s mother erroneously excluded from jury selection]; People v Nazario, 4 NY3d 70 [2005] [defendant’s drug counselor improperly excluded from otherwise closed courtroom]; People v Tejada, 222 AD2d 353 [1st Dept 1995] [defendant’s immediate family improperly excluded during undercover’s testimony]).
Here, the undercover was the critical witness, and excluding defense counsel’s colleague from the courtroom during this time *54 was not inconsequential. Furthermore, defense counsel explained that the excluded attorney was his officemate, with whom he had consulted about the case. The court also acknowledged that the excluded attorney had substantial experience in criminal defense cases. Although there would have been a problem even if the attorney had no such experience or connection to the case, the exclusion here was particularly troubling because defense counsel alerted the court that his colleagues might be coming, and the excluded attorney could have been of assistance to defense counsel during this critical phase of the trial (see People v Morales, 240 AD2d 595 [2d Dept 1997] [reversal required where defense counsel’s supervisor excluded during undercover’s testimony]).
People v Peterson (81 NY2d 824 [1993]), relied on by the People, does not warrant a different result than the one reached here. In Peterson, the brief closing was not noticed by any of the participants. In contrast, here, defense counsel brought the closing to the court’s attention during the trial, and unlike Peterson, the record shows that an individual was actually excluded.
The remedy chosen by the court, to give the excluded attorney a copy of the transcript of the undercover’s testimony, failed to cure the constitutional error. The appellate case law does not discuss this as a possibility because it is the exclusion itself that violates the constitution. Courts are presumed to be open and while the trial court here had the right to partially close the courtroom during the undercover’s testimony, it acknowledged it had no basis for excluding another lawyer from defense counsel’s office. Contrary to the People’s argument, the exclusion of defense counsel’s colleague interfered with the very purpose of the requirement of a public trial. The requirement that the courtroom be open whenever possible and that closure orders be narrowly tailored “is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions” (Waller v Georgia, 467 US 39, 46 [1984] [internal quotation marks omitted]). Excluding defense counsel’s experienced colleague, who was familiar with the case, deprived defendant of his right to have this person present to assess the undercover’s testimony, and enabled the People to present the undercover’s testimony without the salutary effects of extra scrutiny.
*55 Accordingly, the judgment of the Supreme Court, New York County (Edward J. McLaughlin, J.), rendered May 17, 2011, as amended June 7, 2011, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, criminal sale of a firearm in the third degree and unlawful possession of ammunition, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years followed by five years postrelease supervision, should be reversed, on the law, and the matter remanded for a new trial.
Acosta, J.E, Saxe, Renwick and Clark, JJ., concur.
Judgment, Supreme Court, New York County, rendered May 17, 2011, as amended June 7, 2011, reversed, on the law, and the matter remanded for a new trial.

. On appeal, defendant does not offer any alternatives to his exclusion nor can we identify any.

. A supervisor of the prosecutor also was excluded.

. Defendant also asked about another relative, but there was no further discussion or a ruling about that person.