■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH KING, Appellant. [58 NYS3d 40]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered December 9, 2014, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony drug offender, to an aggregate term of six years, unanimously affirmed.

The court properly denied defendant's request for an agency charge. There was no reasonable view of the evidence, viewed most favorably to defendant, that he acted solely on behalf of the buyer (*see People v Echevarria*, 21 NY3d 1, 20 [2013]; *People v Lam Lek Chong*, 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]; *People v Vaughan*, 300 AD2d 104 [2002], *lv denied* 99 NY2d 633 [2003]). Defendant's behavior was completely consistent with that of a participant in a drug-selling enterprise. There was no evidence he was doing "a favor

for a friend" (*Lam Lek Chong*, 45 NY2d at 74), or "of any conversation between defendant and the undercover purchaser as to why the latter needed or wanted to be represented by an 'agent' instead of simply buying his own drugs" (*Vaughan*, 300 AD2d at 104). The fact that the undercover officer initiated the transaction by asking defendant if he could "get" him some drugs was not even slight evidence to support an agency defense, because there was no reasonable basis for the jury to view this as anything but a customer asking a salesperson to "get" him some merchandise.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). Initially, we note that defendant expressly withdrew his *Batson* claim as to one of the two prospective jurors at issue on appeal, rendering any ruling as to that panelist superfluous. In any event, the prosecutor explained that she challenged the panelists because they did not appear to be "engaged in the process" or "paying attention," which was a single, race-neutral reason based both on the panelists' recorded responses and their demeanor. The record supports the court's finding that this reason was not pretextual, and this finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defendant's claims that the prosecutor did not challenge panelists who were similarly situated and that the court failed to make specific findings regarding demeanor are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Defense counsel did not dispute the prosecutor's description of the panelists' demeanor, and no express finding by the court was required under the circumstances (*see Thaler v Haynes*, 559 US 43, 48-49 [2010]). The record fails to support defendant's claim of disparate treatment.

The evidence at a *Hinton* hearing established an overriding interest that warranted a limited closure of the courtroom (*see Waller v Georgia*, 467 US 39 [1984]; *People v Echevarria*, 21 NY3d at 12-14). The undercover officer gave testimony of a type that "has consistently been held to demonstrate a substantial probability that the officer's undercover status and safety would be jeopardized by testifying in an open courtroom" (*People v Gonzalez*, 145 AD3d 586 [1st Dept 2016], *lv denied* 28 NY3d 1184 [2017]), and it satisfied the requirement of a particularized showing. The record also sufficiently shows that the court fulfilled its obligation to consider alternatives to closure, and "it can be implied that the . . . court . . . determined that no lesser alternative" would suffice (*see Eche-*

*varria*, 21 NY3d at 15). We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Webber, Gesmer and Kern, JJ.