People v Ruffin (2019 NY Slip Op 08771)





People v Ruffin


2019 NY Slip Op 08771


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Friedman, J.P., Renwick, Richter, Mazzarelli, Oing, JJ.


10372 3843/14

[*1] The People of the State of New York, Respondent,
v
Kashawn Ruffin, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Caitlin Glass of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered May 4, 2015, as amended June 29, 2015, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 4½ years, unanimously reversed, on the law, and the matter remanded for a new trial.
The court properly denied defendant's motion to suppress the evidence obtained from his cell phones pursuant to search warrants. Upon issuing the warrants, the issuing judge expressly stated that the warrants were "deemed executed at the date and time of issuance," which we find to be appropriate in the specific context of phones already in police custody, but not yet analyzed. Although the forensic examination of the phones was not conducted until 30 days after the warrants were issued, the examination was in compliance with CPL 690.30(1), which requires that a search warrant be executed not more than 10 days after the date of issuance (see generally People v DeProspero, 20 NY3d 527, 529-533 [2013]; United States v Brewer, 588 F3d 1165, 1172-1173 [8th Cir 2009]). "The duration of a warrant's authority is more appropriately measured by the persistence of the cause for its issue" (DeProspero, 20 NY3d at 532). Here, the phones were in police custody between the issuance of the warrants and the forensic examination. Thus, "[n]othing had happened since the warrant[s] [were] signed to diminish the cause for [their issuance]" (id. at 531).
The evidence at a Hinton hearing established an overriding interest that warranted closure of the courtroom to the general public (see Waller v Georgia, 467 US 39 [1984]; People v Echevarria, 21 NY3d 1, 12-14 [2013], cert denied sub nom. Johnson v New York, 571 US 1111 [2013]; People v King, 151 AD3d 633, 634 [1st Dept 2017], lv denied 30 NY3d 1020 [2017], cert denied
__ US __, 138 S Ct 1449 [2018]). The record sufficiently demonstrates that the court fulfilled its obligation under Waller to consider reasonable alternatives to closure, and to the extent the court considered some alternatives and not others, it can be inferred that the court determined that no lesser alternative would suffice (see Echevarria, 21 NY3d at 14-19).
The People concede that the trial court erred in excluding defendant's family members from some parts of the trial (see People v Nazario, 4 NY3d 70, 73 [2005] [the People must show "specific reasons why the family members must be excluded"]). Here, the People failed to show specifically that defendant's family posed a threat to the undercover officer's safety. The court's error requires reversal of the conviction (see People v Martin, 16 NY3d 607, 613 [2011] ["violation of the right to an open trial is not subject to harmless error analysis"]; People v Moise, 110 AD3d 49, 53 [1st Dept 2013] ["there is a per se rule of reversal when the right to a public trial is violated, regardless of prejudice"]).
The People acknowledge that a harmless error/lack of prejudice analysis does not apply to courtroom closure errors. Nevertheless, relying on nonbinding Second Circuit case law, they argue that reversal is not warranted because the exclusion of defendant's family was so trivial as [*2]not to implicate defendant's right to a public trial (see e.g. Smith v Hollins, 448 F3d 533 [2d Cir 2006]). We need not decide whether a triviality exception exists under State law, because even applying that standard, the closure here cannot be characterized as trivial. Defendant's family was kept out of the courtroom during the entirety of the direct examination, and part of the cross-examination, of an undercover officer who was one of the People's key witnesses. That undercover was one of the officers involved in the narcotics operation that formed the basis of the charge against defendant. He set up the meeting to purchase the drugs, gave the buy money to defendant's accomplice, and received crack cocaine in return. Thus, the exclusion of defendant's family members "from the crux of the [People's] case" was not trivial (id. at 541).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The People's circumstantial case, viewed as a whole, supports the inference that defendant supplied the drugs that the codefendant then gave to the undercover officer.
In light of our decision to remand for a new trial, we need not address defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK