Singh v. Garland

BIA
A205 935 070

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-one.

PRESENT:
    ROSEMARY S. POOLER,
    RAYMOND J. LOHIER, JR.,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

GURPREET SINGH,
        *Petitioner,*

    v.                                              **19-785**
                                                    **NAC**
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Suraj Raj Singh, The Law Offices
                       of Suraj Raj Singh P.C., Richmond
                       Hill, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting
                       Assistant Attorney General;
                       Anthony P. Nicastro, Assistant
                       Director; Yanal H. Yousef, Trial
                       Attorney, Office of Immigration
                       Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a March 8, 2019 decision of the BIA denying his motion to reopen his removal proceedings. *In re Gurpreet Singh,* No. A 205 935 070 (B.I.A. Mar. 8, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007). The BIA abuses its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (internal quotation marks omitted).

2

In support of his motion to reopen, Singh presented his own affidavit, along with affidavits from friends and family members stating that, after his father changed political affiliations, he was attacked by members of that party. Singh also submitted an affidavit from his mother stating that the family had experienced threats and harassment. As Singh argues and the Government concedes, the BIA erred in concluding that Singh's evidence was previously available because the evidence addressed attacks on his father in India that allegedly occurred while his appeal was pending before the BIA. *See* 8 C.F.R. § 1003.2(c)(1) (A motion to reopen requires evidence that "is material and *was not available and could not have been discovered or presented at the former hearing*." (emphasis added)); *Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006) ("[I]n reviewing the BIA's determination of whether previously unavailable evidence supported the . . . motion to reopen, we must inquire whether the evidence could have been presented at the hearing before the IJ.").

Nevertheless, the BIA did not abuse its discretion by denying the motion to reopen. The BIA has broad discretion

3

to deny a motion to reopen. *Singh v. Mukasey*, 536 F.3d 149, 153 (2d Cir. 2008). One basis for denying a motion to reopen is the applicant's "failure to establish a prima facie case for the relief sought." *INS v. Doherty*, 502 U.S. 314, 323 (2d Cir. 1992). Additionally, the applicant has the "heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (internal quotation marks omitted).

The BIA reasonably concluded that Singh's new evidence failed to meet his burden. First, as the BIA determined, the evidence failed to address or rehabilitate the bases for the adverse credibility determination. The BIA may rely on an immigration judge's ("IJ's") underlying adverse credibility determination to decline to credit new evidence supporting a motion to reopen. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (finding it appropriate for the BIA to use "the IJ's unchallenged conclusion that [the applicant] was not credible in support of its refusal to credit the authenticity" of new evidence). The BIA reasonably denied reopening on this basis because Singh's new evidence—letters

4

from his family members and his own assertion that he had changed his political affiliation since his hearing—did not rehabilitate his credibility.

Second, the BIA reasonably concluded that even crediting Singh's evidence, he failed to establish a well-founded fear of future persecution. The letters from Singh's family asserted that Singh's father's attackers had threatened or harassed the family, but not that any other family members had been harmed. Accordingly, the BIA did not err in finding that the evidence did not reflect a well-founded fear of harm rising to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (discussing definition of persecution and distinguishing persecution from harassment).

In sum, absent reliable evidence that Singh would suffer harm rising to the level of persecution, the BIA did not abuse its discretion in denying reopening because Singh did not state a prima facie case for asylum. *Id.* at 339–41; *Doherty*, 502 U.S. at 323.

5

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court