People v Muhammad (2022 NY Slip Op 03598)

People v Muhammad

2022 NY Slip Op 03598

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

202 KA 18-01853

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HANZA MUHAMMAD, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PAUL J. CONNOLLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 23, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law
§ 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Contrary to defendant's contentions, the conviction is based on legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and the verdict is not against the weight of the evidence when viewed independently and in light of the elements of the crimes as charged to the jury (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Gonzalez, 174 AD3d 1542, 1544-1545 [4th Dept 2019]).
Defendant contends that he was denied a public trial when court officers prevented spectators from entering the courtroom for the testimony of a key witness. We agree with the People that defendant's rights were not violated. The Sixth and Fourteenth Amendments to the United States Constitution provide all criminal defendants with the right to a public trial, and a court's discretion to close a courtroom to the public "must be exercised only when unusual circumstances necessitate it" (People v Martin, 16 NY3d 607, 611 [2011] [internal quotation marks omitted]; see e.g. People v Colon, 71 NY2d 410, 413-415 [1988], cert denied 487 US 1239 [1988]; People v Glover, 60 NY2d 783, 785 [1983], cert denied 466 US 975 [1984]).
Here, County Court did not close the courtroom and did not intentionally exclude anyone. Concerned about distracting the jurors, however, the court had a standing policy that prohibited anyone from entering or exiting the courtroom while a witness was testifying, and the manner in which that rule was enforced by court deputies, along with a misunderstanding by spectators in the hallway waiting to enter the courtroom, led to a group of people waiting in the hallway for the doors to open while the jury was hearing testimony inside the courtroom.
Although we do not approve of the court's standing policy of essentially locking the courtroom doors while witnesses are on the stand, defendant did not object to the court's policy and does not challenge it on appeal. Instead, defendant contends that the court deputies are an extension of the court and that their malfeasance in the hallway should therefore be imputed to the court for purposes of determining whether defendant's Sixth Amendment right to a public trial was violated. We reject that contention. "A denial of the public trial right requires an affirmative act by the trial court excluding persons from the courtroom, which in effect explicitly overcomes the presumption of openness" (People v Peterson, 81 NY2d 824, 825 [1993]; see People v Torres [appeal No. 1], 97 AD3d 1125, 1127 [4th Dept 2012], affd 20 NY3d 890 [*2][2012]). Here, people were excluded from the courtroom not by any affirmative act of the court, but instead by a confluence of factors outside the court's knowledge and control. Under the circumstances, we conclude that the "brief and inadvertent" closing of the courtroom (Peterson, 81 NY2d at 825) did not violate defendant's right to a public trial (see People v Gonzalez, 237 AD2d 302, 302-303 [2d Dept 1997], lv denied 89 NY2d 1093 [1997]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court